DAVID L. MONROE (California SBN 277531)
1156 Hacienda Place #103
West Hollywood, CA 90069
Phone (415) 559-6829
d.monroe.law@gmail.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES

| | |
|---|---|
| **DAVID L. MONROE**<br><br>Plaintiff,<br><br>v.<br><br>**OFFICER KIRBY and UNITED STATES OF AMERICA**<br><br>Defendants. | Case No.: 2:21-CV-00017-RAO<br><br>**FIRST AMENDED COMPLAINT PURSUANT TO 42 USC § 1983, BIVENS v. SIX UNKNOWN AGENTS 403 US 388 (1971), AND THE FEDERAL TORT CLAIMS ACT 28 USC § 2671 ET SEQ.**<br><br>**JURY TRIAL REQUESTED (as to non-FTCA claims)** |

### PARTIES

1. Plaintiff David L. Monroe, who presently resides at 1156 Hacienda Place Apt. 103, West Hollywood, CA 90069, complains of Officer Kirby, Badge Number 4716, who at all relevant times was employed by the United States of America by way of the Veterans Affairs Police Department, 11301 Wilshire Blvd., Building 236, Los Angeles, California, 90073.

### JURISDICTION

2. This is a civil action brought pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 397 (1971); 42 USC § 1983; and the Federal Tort Claims Act (28 U.S.C. §2671, et seq. and 28 U.S.C. §1346(b)(1)). This court has jurisdiction and venue over the action pursuant to 28 USC §§ 1331, 1346(b)(1), 2201 and 1391(b), (c) and (e). Plaintiff David Monroe and Defendant Officer Kirby both reside in this district.

**FIRST AMENDED COMPLAINT**

3.　　Plaintiff David L. Monroe alleges that his civil rights were violated by the actions of defendants, which actions were directed against plaintiff at the Veteran Administration Hospital in Los Angeles, California on January 5, 2019. The defendant Kirby is sued in his individual and official capacity. The United States of America is liable under the doctrine of *respondeat superior.*

4.　　This court has jurisdiction pursuant to 42 USC § 1983 in that the defendant Kirby was acting under color of state law because he stated to plaintiff Monroe that the basis for his actions was "5150," referring to California Welfare and Institutions Code § 5150.

5.　　This court has jurisdiction pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 397 (1971) because at the time, Officer Kirby was employed by the United States Veterans Administration as a Police Officer and member of the Veterans Administration Police Department. As such, he was acting under color of federal law, and as a federal agent.

6.　　This court has jurisdiction pursuant to 28 USC §§ 2671-2680 for money damages as compensation for personal injuries that were caused by the negligent and wrongful acts and omissions of employees of the United States Government while acting within the scope of their offices and employment, under circumstances where the United States, if a private person, would be liable to the Plaintiff in accordance with the laws of the State of California. Plaintiff has fully complied with the requirements of 28 U.S.C. § 2675 of the Federal Tort Claims Act, and his claim was denied by the Department of Veteran Affairs on February 10, 2021.

**FACTS**

7.　　David L. Monroe, in his capacity as an attorney, was visiting with a client in Two West, High Elopement Risk Unit, in the Veterans Administration Hospital in Los Angeles, California, on January 5, 2019. At approximately 3:30 p.m. in the afternoon of January 5, 2019,

while plaintiff was peaceably discussing matters with a client, Defendant Officer Kirby, without just cause, and without warning, physically assaulted Plaintiff, twisting his left arm behind him, and running him into a wall, thus injuring Monroe's right shoulder, which had recently been operated on. The assault was unjustified, without just cause or excuse. Officer Kirby then threatened Monroe with arrest, if Monroe did not leave the premises. Monroe left the premises because of the threats of Officer Kirby, rather than be arrested.

### FIRST CAUSE OF ACTION

8. Plaintiff Monroe has a cause of action under 42 USC § 1983, for violation of his civil rights under color of state law, and is entitled to all relief provided by that statute.

### SECOND CAUSE OF ACTION

9. Plaintiff Monroe is entitled to relief from *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 397 (1971), in that defendant Kirby was acting under color of federal law and acting as a federal agent.

### THIRD CAUSE OF ACTION

10. Plaintiff Monroe is entitled to relief pursuant to the Federal Tort Claims Act, in that the violent assault was unjustified, not privileged, and Kirby was acting as an employee of the United States of America at the time.

### INJURIES

11. As a result of this assault, Monroe suffered serious bodily injury, requiring two right shoulder surgeries. Monroe incurred medical bills, and was unable to use his right arm for more than one year. Monroe was unable to work, and lost significant income of over $100,000. Monroe further suffered serious and severe physical pain, and mental anguish. Officer Kirby also prevented Monroe from meeting with a client, breaching Monroe's attorney-client relationship,

**FIRST AMENDED COMPLAINT**

and denying Monroe his freedom of speech, the right of association, right of peaceful assembly, protection from unreasonable seizure, and violated the attorney-client privilege by unlawfully preventing Monroe from conferring with his client.

## REQUEST FOR RELIEF

12. Plaintiff David L. Monroe requests he be awarded monetary damages from Officer Kirby and the United States of America to compensate for his special damages for medical treatment proximately caused by the assault; loss of income; pain and suffering, including emotional distress; general damages; attorney's fees; punitive damages as allowed by law; costs of suit, costs of court, and such other and further relief to which he may be justly entitled.

I declare under penalty of perjury that the foregoing is true and correct.

Date: February 24, 2021            **David L. Monroe, Attorney for Plaintiff**

By:  /s/ David L. Monroe

**FIRST AMENDED COMPLAINT**